UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERMAINE PAUL CROWLEY                          CIVIL ACTION

VERSUS                                                     NUMBER: 16-13526

ASST. WARDEN LT. FINN, ET AL.                    SECTION: "J"(5)

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff, Jermaine Paul Crowley, has initiated the above-captioned 42 U.S.C. §1983 proceeding *in forma pauperis* ("IFP") against Defendants, Lieutenant Finn, Assistant Warden of the Tangipahoa Parish Jail ("TPJ"); Deputy C. Shaw of the TPJ; and, Sergeant D. Hernandez of the TPJ. (Rec. doc. 1, pp. 1, 4).

Plaintiff is an inmate of the TPJ who complains of two discrete occurrences that reportedly took place at that facility. First, he charges Assistant Warden/Lieutenant Finn with "discrimination," in that he requested and was denied the opportunity to be designated "trustee status" due to his sexual orientation. Second, Plaintiff alleges that on June 29, 2016, Sergeant Hernandez and Deputy Shaw entered the dorm where he was housed, pointed taser or pepper spray guns in his face, and ordered all inmates to the ground for no reason at all. (Rec. doc. 1, p. 4). Plaintiff seeks $50,000 in compensatory damages. (*Id*. at p. 5).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the

recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

From a due-process perspective, Plaintiff has no constitutional right to a particular status or classification within the TPJ, including specifically the status of trustee. *Ellis v. Crowe*, No. 09-CV-3061, 2010 WL 724158 at *19-20 (E.D. La. Feb. 19, 2010)(Africk, J.)(and cases cited therein); *Magee v. Crowe*, No. 09-CV-3142, 2010 WL 630011 at *13-14 (E.D. La. Feb. 19, 2010(Feldman, J.)(same); *Oatis v. St. Tammany Parish Sheriff's Office*, No. 09-CV-6266, 2009 WL 3566120 at *4 (E.D. La. Oct. 29, 2009)(Engelhardt, J.); *Jackson v. Harrison*, No. 09-CV-0742, 2009 WL 2708109 at *2 (W.D. La. Aug. 26, 2009)(James, J.). Otherwise, "[t]o state an equal protection claim, [Plaintiff] must allege, inter alia, that similarly situated individuals have been treated differently and he must also allege purposeful or intentional discrimination." *McKnight v. Eason*, 227 Fed.Appx. 356 (5th Cir. 2007)(citing *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992)). As Plaintiff has not done so, he has failed to set forth a colorable equal-protection claim. *Id.*

With respect to the June 29, 2016 incident that Plaintiff complains of, it is not actionable under §1983, as the mere threatening language or gestures of a custodial officer do not, even if true, amount to a constitutional violation. *Patin v. LeBlanc*, No. 11-CV-3071, 2012 WL 3109402 at *13-14 (E.D. La. May 18, 2012)(and cases cited therein); *see also McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Finally, as Plaintiff makes no showing of suffering any physical injury as a result of the two occurrences of which he complains herein, 42 U.S.C. §1997e(e) bars any recovery of monetary relief for mental or emotional damages. *Richard v. Cupp*, No. 08-CV-1544, 2009 WL 840218 at *6 (W.D. La. Mar. 25, 2009).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this  11th  day of _____August_____, 2016.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　MICHAEL B. NORTH
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.